1  Gregg S. Garfinkel (State Bar No. 156632)
   Amy W. Lewis (State Bar No. 158999)
2  **STONE | ROSENBLATT | CHA, PLC**
   A Professional Law Corporation
3  21550 Oxnard Street, Main Plaza – Suite 200
   Woodland Hills, California 91367
4  Tel:  (818) 999-2232
   Fax:  (818) 999-2269
5  ggarfinkel@srclaw.com
   Attorneys for Plaintiff
6  UNITED VAN LINES, LLC

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT - SAN JOSE BRANCH

10

11 UNITED VAN LINES, LLC                    Case No.:

12              Plaintiff,                  **COMPLAINT FOR DECLARATORY RELIEF**

13     v.

14 HELENE GOLDSTEIN

15              Defendants.

16

17 TO DEFENDANT AND HER ATTORNEYS OF RECORD:

18     COMES NOW Plaintiff UNITED VAN LINES, LLC; ("UVL"), and hereby files this

19 Complaint for Declaratory Relief against Defendant, HELENE GOLDSTEIN ("Goldstein"),

20 and DOES 1 to 10 (Goldstein and DOES will be referred to collectively, where

21 appropriate, as ("Defendants"), and allege as follows:

22              **PARTIES, JURISDICTION AND VENUE**

23     1.    UVL, is a limited liability company, organized and existing under the laws of

24 the State of Missouri, with its principal place of business in Fenton, Missouri.

25     2.    As of September 13, 2007, Goldstein was a resident of Pebble Beach,

26 California.

27     3.    The residence and domicile of DOES 1 to 10 is currently unknown.

28     4.    On or about September 4, 2007, Goldstein contracted with UVL for

transportation of her household goods and personal property through interstate commerce from her residence at Bellingham, Washington to three locations in California. The main portion of Goldstein's household goods and personal property was delivered to Monterey Highway Self-Storage in Monterey, California. The remainder of Goldstein's property was delivered to Extra Space Mini-Storage and to her residence in Pebble Beach, California. Goldstein's move on or about September 4, 2007, was performed pursuant to Uvula's Uniform Household Goods Bill of Lading and Freight Bill Nos. 165-182-7 ("main load") and 165-182-7(a) ("overflow"). Copies of the operative Bills of Lading for Goldstein's move are attached hereto, collectively, as Exhibit "A." The shipment was received by Monterey Highway Self-Storage on September 12, 2007; and the shipment to Extra Space Mini-Storage and Goldstein's residence was received on September 22, 2007.

5. As more particularly set forth below, UVL presents an actual controversy within the meaning of 28 U.S.C. Section 2201 and within this Court's jurisdiction.

6. This Court has original federal question jurisdiction based on the rights and liabilities of the parties under a contract for the interstate transportation of property pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. Section 14706. This action seeks remedies which require this Court to interpret the Carmack Amendment, and UVL's applicable published tariffs as incorporated into the Bill of Lading and published pursuant to 49 U.S.C. Section 13702(c).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391(b) in that a substantial part of the events or omissions giving rise to this controversy occurred in this district.

**GENERAL ALLEGATIONS**

8. UVL is a motor carrier authorized by the Surface Transportation Board to transport household goods in interstate commerce pursuant to the provisions of the Interstate Commerce Act.

9. On or about September 4, 2007, Goldstein contracted with UVL for transportation of her household goods and personal property through interstate commerce. Goldstein's move was performed pursuant to Uniform Household Goods Bill of Lading and Freight Bill Nos. 165-182-7 and 165-182-7(a), and UVL's duly published tariffs incorporated therein by reference.

10. On or about September 5, 2007, UVL commenced performance of its contract with Goldstein by loading Goldstein's household goods and personal property into a moving van and transporting a portion of said goods in interstate commerce to storage at Monterey Highway Self-Storage, located in Monterey, California. Goldstein was present at the time a portion her property was delivered to Monterey Highway Self-Storage on or about September 12, 2007. Goldstein did not make any notations or exceptions of any damage or loss on the shipping documents, nor did she document any change to the count or condition of her property at that time.

11. On or about September 22, 2007, UVL delivered the overflow portion of Goldstein's household goods to Extra Space Mini-Storage in Monterey, California and to Goldstein's residence in Pebble Beach, California. Goldstein was present at the time the overflow property was delivered to Extra Space Mini-Storage and to her residence on or about September 22, 2007. Goldstein did not make any notations or exceptions of any damage or loss on the shipping documents, nor did she document any change to the count or condition of her property at that time.

12. Subsequently, Goldstein admits that she hired another mover to access the storage vaults and move items around within the vaults located at Monterey Highway Self-Storage and/or Extra Space Mini-Storage prior to providing any notice to UVL of any loss and/or damage claims.

13. On or about March 23, 2008, Goldstein presented a written claim for damage and/or loss to UVL filed under the Bills of Lading Nos. 165-182-7 and 165-182-7(a).

///

3

14. UVL investigated Goldstein's claim and adjusted same based on the fact that the majority of her claim consisted of items for which no exceptions had been taken at the time of delivery, or were items moved by other unknown parties, or were goods packed by her and therefore UVL was not responsible for the reported damage to same. As to Goldstein's claim for damage to 20 planters, UVL issued a full and final settlement offer to Goldstein based on a weight of 120 pounds and the released rate valuation option of $.60 per pound chosen by Goldstein as reflected on the Bill of Lading.

15. Goldstein subsequently retained counsel, who requested UVL to reevaluate its position by United paying his client $20,000.00 on her claim. Counsel threatened that legal action may be taken if his client's claim was not resolved to her satisfaction.

16. It is clear that Goldstein's claim is in excess of $10,000.00 and is comprised of damages in excess of United's responsibility based upon the released value provisions of the Bills of Lading, by UVL's published tariff, the Carmack Amendment to the Interstate Commerce Act, and Goldstein's inability to meet her Carmack Amendment burden of proof. Thus, it appears that Goldstein is intent on filing a Complaint with no merit under existing federal law.

**REQUEST FOR RELIEF**

17. UVL realleges the allegations of paragraphs 1 through 16 above as though fully set forth herein.

18. The Carmack Amendment, 49 U.S.C. Section 14706, exclusively governs the liability for loss, damage or delay of motor carriers providing interstate household goods transportation services within the jurisdiction of the Surface Transportation Board.

19. UVL is not liable to Goldstein for any purported loss or damage in excess of those damages permitted under UVL's Bills of Lading, published tariffs and under the Carmack Amendment to the Interstate Commerce Act (49 U.S.C. Section 14706).

20. UVL respectfully requests a declaration by this Court of the rights and liabilities of the parties under the Bills of Lading, UVL's published tariffs and the Carmack Amendment.

WHEREFORE, UVL respectfully requests this Court to:

1. Declare that Goldstein is not entitled to recover against UVL until, and unless, she meets her burden of proof to establish a prima facie case of carrier liability under the Carmack Amendment to the Interstate Commerce Act;

2. Declare that UVL is not liable to Goldstein under any state or common law theory of recovery;

3. Declare that UVL is not liable to Goldstein for any damages or loss in excess of that permitted by the Bills of Lading, UVL's applicable tariffs, the Carmack Amendment, and that UVL is not liable to Goldstein for any damages for which Goldstein is unable to meet her Carmack Amendment burden of proof;

4. Declare that Goldstein's shipment was released to UVL at a released rate declaration of $.60 per pound, per article and therefore, Goldstein's ability to recover damages, if any, is limited to the weight of the articles for which she can meet her Carmack Amendment burden of proof, times $.60 per pound, per article;

5. Award all costs of this action to UVL; and

6. Grant UVL such other and further relief as the Court believes just and proper.

DATED: June 12, 2008

STONE | ROSENBLATT | CHA
A Professional Law Corporation

By: _____
GREGG S. GARFINKEL
Attorneys for Plaintiff
UNITED VAN LINES, LLC

# EXHIBIT A

| | | |
|---|---|---|
| UNITED ORDER NO. | | |
| PHONE (636) 326-3100 | | |
| THIS SHIPMENT IS A NON-BOUND ESTIMATE OPTION A BETWEEN UVLN AND SHIPPER. | | |
| SHIPPER HELENE GOLDSTEIN    360-7332215 | CONSIGNEE HELENE GOLDSTEIN | |
| COMPANY (ASSOCIATED WITH) | | |
| STREET ADDRESS 1500 CHUCKANUT CREST DR. | STREET ADDRESS WILL ADVISE | |
| ORIGIN BELLINGHAM WHATCOM 037 WA | DEST. MONTEREY  MONTEREY 027 CA | |
| | FORM OF PAYMENT CREDIT CARD 93940 | |
| PACKING DATE 8/30 | NOTIFY IN CASE OF: XX DELAY  XX CHARGES | |
| AGREED PICKUP PERIOD 8/30 - 8/31  PREFERRED 8/30 | NAME GOLDSTEIN'S | |
| AGREED DELIVERY PERIOD 9/04 - 9/05  PREFERRED 9/04 | ADDRESS | |

ACTUAL CHARGES BASED ON ACTUAL WEIGHT AND SERVICES.

| DESCRIPTION | | RATE | OTHER CHARGES |
|---|---|---|---|
| ORIG SERV CHRG | | 3.06 | 1000.62 |
| DEST SERV CHRG | | 2.95 | 964.65 |
| AUX SERV 0- | 32700 | 11.00 | 4721.00  4743 |
| SUBTOTAL - ACCS | | | 6686.27 |
| TL ADDL SERV REDUCED | | 62.00% | 2540.78 |
| FUEL SURCHG | 11407.33 | .0600 | 684.44 |
| INS. RELATED | 11407.33 | .0400 | 456.29 |
| SUBTOTAL - EXCL FROM DISC | | | 1140.73 |

WEIGHT 32,700    32,700
MIN. WT. — CUBIC FEET — CONTRACT NO. — TARIFF 400 — SECT 3 — EXCEPTION — MILES — PERCENT 62.0 — RATE

2. TOTAL ESTIMATE    $ 15,088.84

3) $ 16,597.72    110% OF ESTIMATED CHARGES

DATE 9-04-07    10/6/07

Signatures    9-04-07

09/27/2007 13:09 FAX 3604243219    CENTRAL MOVING → TRANSDOCS    ⌀003

**UNITED VAN LINES, LLC**
1 UNITED DRIVE
FENTON, MO 63026
PHONE (636) 325-3100

U.S. DOT No. 077949
UNITED
165100182 / A

THIS SHIPMENT IS
SHIPPER: HELENE GOLDSTEIN
COMPANY (ASSOCIATED WITH):
STREET ADDRESS: 300 CHUCKANUT CREST
ORIGIN: BELLINGHAM WHATCOM 037 WA 98229

NON-BOUND ESTIMATE (OPTION A) BETWEEN UVLN AND SHIPPER.
SHIPPER: HELENE GOLDSTEIN   360-7332216
CONSIGNEE: 360-7332216   250 DELLA VINA (EXT)
DEST: MONTEREY MONTEREY 027 CA 93940

AGREED PICK-UP PERIOD: EARLIEST 9/04  LATEST 9/20
AGREED DELIVERY PERIOD: EARLIEST 9/10  LATEST 9/29

CONTRACT NO. 40CN  SECT. 3

AGENT | CODE
Book | 165CE...
Dest. | 133CAR...  DINALE MOVING 8316324100
Origin | 165CE...  RAL MOVING & 3604247114
G-11 |

BILL OF LADING COMPLETED BY: [signature]  DATE 9/20/07
VAN NO. 016518 H031  PICKUP DATE 9/20/07  FROM WH  TO SAC

DRIVER SIGNATURE FOR BILL OF LADING: [signature]
DATE 9/20/07

DELIVERED BY / DRIVER SIGNATURE: [signature]
DATE 9/21/07

DELIVERY ACKNOWLEDGMENT (APPARENT GOOD CONDITION EXCEPT AS NOTED ON INVENTORY AND PERFORMED)
SIGNED X [signature]  DATE 9-24-07

PREPAID

63TEL-01 (Rev. 03-07)

**IMPORTANT  SEE TERMS ON THE REVERSE SIDE**

Captured using ACS Fax at TripPak SERVICES Capture AnyWare-Fax Lakewood CO. Trans. 796311183663  1 53 45 PM 9/27/2007